# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## DAVID ALLEN BRIMMER v. DAVID SEXTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 6254    Robert E. Cupp, Judge**

**No. E2013-01987-CCA-R3-HC - Filed April 30, 2014**

The petitioner, David Allen Brimmer, appeals as of right from the Johnson County Criminal Court's order denying his petition for writ of habeas corpus relief challenging the validity of his 1999 aggravated kidnapping conviction and resulting sentence of 60 years as a violent offender. The State has filed a motion to affirm the trial court's order pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

David Allen Brimmer, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz and Kyle Hixson, Assistant Attorneys General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

This case arises from the October 22, 1989 disappearance and death of Rodney Compton. In 1991, an Anderson County Circuit Court jury convicted the petitioner of first degree murder and sentenced the petitioner to death. The supreme court affirmed the petitioner's conviction and death sentence on direct appeal. *State v. Brimmer*, 876 S.W.2d 75 (Tenn. 1994). The petitioner filed a timely petition for post-conviction relief that was denied by the trial court. On appeal, however, this court granted the petitioner a new sentencing hearing based upon counsels' ineffective assistance relative to the presentation

of mitigating evidence. *Brimmer v. State*, 29 S.W.3d 497, 522 (Tenn. Crim. App. 1998).

On May 7, 1999, the petitioner pleaded guilty by information to one count of aggravated kidnapping, receiving an agreed sentence of 60-years' incarceration to be served as a violent offender consecutively to a life sentence in the first degree murder case in exchange for the State's agreeing not to seek the death penalty at the resentencing hearing. The petitioner then filed a petition for post-conviction relief, which the trial court denied, challenging the voluntariness of the guilty plea as well as the legality of sentence imposed. This court affirmed the trial court's denial of relief. *David Brimmer v. State*, E2005-02328-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Nov. 30, 2006), *perm. app. denied* (Tenn. Apr. 23, 2007).

On May 8, 2013, the petitioner filed a petition for writ of habeas corpus alleging that the judgment of conviction for aggravated kidnapping is void because the 60-year sentence was not an available sentence at the time of the offense. On July 29, 2013, the trial court summarily denied habeas corpus relief. The petitioner filed a timely notice of appeal on August 28, 2013. On appeal, the petitioner asserts that his sentence is illegal because it was not an available sentence at the time of the offense – October 22, 1989. The State has filed a motion to affirm by memorandum opinion the trial court's judgment, arguing that the 60-year sentence is not illegal because Tennessee Code Annotated section 40-35-117 provides for sentencing pursuant to the 1989 Sentencing Reform Act for offenses committed between July 1, 1982 and November 1, 1989.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn.

(5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State,* 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

The record reflects that, following this court's granting a new sentencing hearing via post-conviction relief, the petitioner pleaded guilty to aggravated kidnapping with an agreed out-of-range sentence of 60 years to be served at 100 percent in exchange for a life sentence for the first degree murder conviction. Code section 40-35-117 provides that "any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, shall be sentenced under the provisions [of the 1989 Sentencing Reform Act]." Therefore, the sentence imposed was not illegal.

Accordingly, we affirm the judgment of the Johnson County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE